IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRYAN F. HOLT,<br><br>　　　Plaintiff,<br><br>v.<br><br>STEPHANIE R. HOLT, and SALINE COUNTY COURTHOUSE,<br><br>　　　Defendants. | Case No. 3:24-CV-01614-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　This matter is before the Court on a Motion for Leave to proceed in forma pauperis filed by Plaintiff Bryan F. Holt. (Doc. 4). Holt, an inmate at FCI Greenville in Greenville, Illinois, filed a complaint in this Court on June 27, 2024, naming his ex-wife Stephanie R. Holt ("Stephanie") and the Saline County Courthouse as Defendants. (Doc. 1). The complaint appears to assert two claims against Stephanie: (i) "forgery" based on her alleged "use[]" of Holt's "name and social security number" in filing for divorce from him; and (ii) "fraud" for allegedly "lying to the court about property, cars, and furnishings that were all purchased after [Holt and Stephanie] were married." (Doc. 1 at 3). Although Holt's legal theory against the Saline County Courthouse is unclear, he accuses it of "willingly and knowingly help[ing] Stephanie . . . violate [his] dissolution of marriage rights by granting a dissolution of marriage when service of process was not performed or an ad in the paper." *Id.* at 4. Holt seeks $70,000 in compensatory and punitive damages, an order allowing him to recover $6,000 in spousal support, a

declaration that he "get half the estate and all assets," and that his toolbox, power tools, and landscaping and carpentry equipment be returned to him. (Doc. 1 at 8).

Under 28 U.S.C. § 1915(a)(1), an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting the inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Here, Holt states that he earns no income and possesses no checking or savings accounts. (Doc. 4 at 1, 3). He also provided a statement from his prison trust fund account, which shows a balance of $0.02. *Id.* at 5. The Court thus finds that Holt is indigent under 28 U.S.C. § 1915(a)(1).

But that does not end the inquiry. Under Section 1915(e)(2), the Court must screen the indigent plaintiff's complaint and dismiss it if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). Thus, resolution of the motion to proceed IFP requires the undersigned to review the allegations of the complaint.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th

Cir. 2013). Conclusory statements and labels, however, are not enough. The complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

Holt's complaint is deficient out of the gate because its allegations are beyond this Court's subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review state-court decisions, including those involving the allocation of marital assets. *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 396 (7th Cir. 2023); *Schmitt v. Schmitt*, 324 F.3d 484, 485-87 (7th Cir. 2003). *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hadzi-Tanovic*, 62 F.4th at 396 (internal quotation marks omitted). As the Seventh Circuit recently explained, while "the natural temptation for losing parties to keep fighting and to look for new forums" is understandable, "it is well established that federal district and circuit courts do not have jurisdiction to review such state court decisions." *Id.* Thus, "[w]here . . . the plaintiff's injury is effectuated by the state court judgment, the *Rooker-Feldman* doctrine deprives lower federal courts of jurisdiction." *Id.* at 401 (internal quotation marks omitted).

But the doctrine also has its limits; it applies only to "federal claims that 'directly' challenge a state court judgment or are 'inextricably intertwined with one.'" *Id.* (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 950 (7th Cir. 2021)). To determine whether a plaintiff's federal claims are "inextricably intertwined" with the state court judgment, a district court must ask whether the plaintiff is alleging an injury caused by the state court judgment. *Id.*

Here, Holt attempts to disguise his claim for a reallocation of his marital assets as a violation of his federal due process rights.[1] His complaint alleges that Stephanie "filed for divorce using [his] name and social security card." (Doc. 1 at 3). In doing so, Stephanie allegedly "l[ied] to the court about property, cars, and furnishings, that were all purchased after [she and Holt] were married." *Id.* He also alleges that the court in Saline County "willingly and knowingly helped Stephanie [] violate [his] dissolution of marriage rights by granting a dissolution of marriage when service of process was not performed or an ad in the paper." *Id.* at 4. Holt's theory appears to be that Stephanie colluded with the court in Saline County to deprive him of his personal property in their

---

[1] *Hadzi-Tanovic* is both instructive and binding here. That case arose out of a marital and child custody dispute, where the state court ordered a mother's parenting time with her children to be supervised after she and her husband split. *Hadzi-Tanovic*, 62 F.4th at 397. The mother filed suit in federal court against the judge who entered the supervision order, her ex-husband, and the children's guardian ad litem, alleging federal conspiracy claims under 42 U.S.C. §§ 1983 and 1985(3), and pendent state law claims. *Id.* at 398. Her alleged injuries included the deprivation of her right to familial association, and the deprivation of her right to a fair and unbiased finder of fact. *Id.* at 401. The Seventh Circuit held that the *Rooker-Feldman* doctrine deprived the district court of subject matter jurisdiction over any claim alleging an improper deprivation of familial association because it required a finding that "the state court erred in applying state family law." *Id.* Her claims based on the deprivation of her right to an impartial trier of fact met the same fate under *Rooker-Feldman* because "the only way a federal court could determine the merits of those allegations would be to review the state court's handling of the case from top to bottom, substantively and procedurally." *Id.* at 405.

divorce proceedings. Moreover, these alleged deprivations of personal property were caused by the state court's judgment dissolving the marriage. Holt asks this Court to reject the judgment of a state court that allocated his and Stephanie's marital assets among them. The *Rooker-Feldman* doctrine does not allow the Court to do that. As in *Hadzi-Tanovic*, "the only way a federal court could determine the merits of [Holt's] allegations would be to review the state court's handling of the case from top to bottom, substantively and procedurally." *Hadzi-Tanovic*, 62 F.4th at 405. Simply put, to grant Plaintiff the relief he seeks would require the Court to insert itself in a proceeding in which it has no business. *See Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019) (*Rooker-Feldman* applied where a finding for plaintiffs, who alleged that their animals were seized in violation of Fourth and Fourteenth Amendments, would "call into question the state court's judgment that there was probable cause the animals were being neglected").

For these reasons, the Complaint filed by Plaintiff Bryan F. Holt (Doc. 1) is **DISMISSED without prejudice**. Holt's Motion for Leave to Proceed *in forma pauperis* (Doc. 4) is **DENIED as moot**. Holt's Motion for Status (Doc. 6) is also **DENIED as moot**.

Plaintiff is **GRANTED** 30 days to file an amended complaint. If he fails to do so on or before **January 8, 2025**, the Court will dismiss the entire case with prejudice.

IT IS SO ORDERED.

DATED: December 9, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**